**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Eric Jon Cross, | Case No. 25-21113 (JJT) |
| Debtor. | Re: ECF No. 12 |

**MEMORANDUM OF DECISION AND**
**ORDER GRANTING U.S. TRUSTEE'S MOTION TO DISMISS**

Before the Court is the United States Trustee's Motion to Dismiss (Motion, ECF No. 12). In the Motion, the U.S. Trustee requests that this Court dismiss the Debtor's Chapter 11 case for failure to maintain insurance, provide information, and attend mandatory Chapter 11 meetings. A hearing was held on the Motion (along with the initial Chapter 11 case management conference) on November 13, 2025. The Debtor neither appeared at the hearing nor responded to the Motion. The Court grants the Motion and dismisses the case with a 180-day bar to refiling any bankruptcy petition.

Under 11 U.S.C. § 1112(b), with exceptions inapplicable here, "on request of a party in interest, after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause[.]" The statute gives several examples of "cause," including: "failure to maintain appropriate insurance that poses a risk to the estate or to the public[,]" and "failure timely to

provide information or attend meetings reasonably requested by the United States trustee[.]" *Id.*, §1112(b)(4)(C), (H).

Here, the Debtor has not only failed to maintain insurance on the real estate underlying this case, but he has also reportedly told the U.S. Trustee that he will not do so. Moreover, the Debtor has failed to file many of the documents required with the bankruptcy petition and has not attended the initial debtor interview with the U.S. Trustee. Each of these circumstances alone constitutes cause sufficient to dismiss this Chapter 11 case.

The circumstances constituting cause to dismiss this case, coupled with the Debtor's filing of this bankruptcy case two days prior to a scheduled foreclosure sale,[1] show that the Debtor filed this case for no reason other than to frustrate the foreclosing creditor. Filing an individual Chapter 11 case to stop a foreclosure but with no intent to reorganize is textbook bad faith. *See In re Turner*, 207 B.R. 373, 376 (B.A.P. 2d Cir. 1997) ("Although case law is legion that filing a bankruptcy petition to forestall a foreclosure sale is a permissible use of bankruptcy, the case must be undertaken pursuant to a legitimate effort at reorganization.") (cleaned up). Additionally, the Debtor's choice to neither file required documents nor attend the November 13, 2025 hearing evidence his willful failure to prosecute this Chapter 11 case in good faith. Accordingly, in light of these abusive behaviors, the Court finds that there is cause to dismiss this case with a 180-day bar to refiling. *See* 11 U.S.C. §§ 349(a), 109(g) ("no individual . . . may be a debtor under this title

---

[1] The Court takes judicial notice of the case styled *Lakeview Loan Servicing, LLC v. Cross*, No. TTD-CV-25-6032129-S (Conn. Super. Ct.).

who has been a debtor in a case pending under this title at any time in the preceding 180 days if—(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case").

Accordingly, it is hereby

ORDERED: The Motion is GRANTED; and it is further

ORDERED: The Debtor is barred from refiling for any bankruptcy protection for a period of 180 days from the date hereof.

Date: November 13, 2025
Hartford, Connecticut

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut